IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NATHANIEL TUCKER, | |
| Plaintiff(s), | No C 06-2727 VRW (PR) |
| v. | ORDER OF SERVICE |
| EDWARD S ALAMEIDA, JR, et al, | |
| Defendant(s). | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se First Amended Complaint ("FAC") under 42 USC § 1983 alleging use of excessive force, inadequate medical care and unlawful filing of false disciplinary charges against him. Plaintiff also alleges that his administrative appeals were handled improperly.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).

B.     Legal Claims

Liberally construed, plaintiff's allegations that correctional officer T W Jones shot plaintiff in the face with a riot gun state a claim for use of excessive force under § 1983 against Jones. See Hudson v McMillian, 503 US 1, 6-7 (1992) (prison officials may not use force maliciously and sadistically to cause harm). And, liberally construed, plaintiff's allegations that sergeant R Rice denied him immediate access to medical care after the shooting, and chief medical officer M C Sayre and health care manager Maureen McLean refused to provide him medical care for his hearing loss, state claims for deliberate indifference to serious medical needs against these three defendants. See Estelle v Gamble, 429 US 97, 104 (1976) (deliberate indifference to serious medical needs violates 8th Amendment's proscription against cruel and unusual punishment).

Plaintiff's allegations that several defendants filed false disciplinary charges against him fail to state a § 1983 claim because it is well-established that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v Babcock, 870 F2d 450, 452 (8th Cir 1989); Freeman v Rideout, 808 F2d 949, 951 (2d Cir 1986). The false charges allegations are DISMISSED under the authority of § 1915A(b). So are plaintiff's allegations that several defendants improperly handled his administrative appeals. There is no constitutional right to a prison administrative appeal or grievance

system, much less to an effective one. See <u>Ramirez v Galaza</u>, 334 F3d 850, 860 (9th Cir 2003); <u>Mann v Adams</u>, 855 F2d 639, 640 (9th Cir 1988).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at PBSP:  Correctional officer T W Jones, sergeant R Rice, chief medical officer M C Sayre and health care manager Maureen McLean.  The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

     Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

     d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

     e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge